UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nancy M. McLaughlin, ) | CASE NO.  5:13CV1502 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| CNX Gas Company, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | (Resolves Docs. 8, 9, 11, 15, 17) |
| ) | |

This matter comes before the Court on a motion for judgment on the pleadings filed by Defendant CNX Gas Company (Doc. 8).  Initially, the Court GRANTS Defendant's motion to supplement its motion for judgment on the pleadings (Doc. 9) as well as Plaintiff's motion to supplement her opposition (Doc. 15).  Moreover, the Court GRANTS Defendant's motion to amend its affirmative defenses and dismiss their counterclaim (Doc. 17).  Accordingly, the motion to intervene (Doc. 11) is DENIED AS MOOT.  The Court has been advised, having considered the complaint, pleadings, and applicable law.  The motion for judgment on the pleadings (Doc. 8) is GRANTED.

I.     LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. FACTS

The issue squarely before this Court is a rather narrow one. Plaintiff Nancy McLaughlin seeks a declaration that certain mineral rights were abandoned under Ohio's Dormant Mineral Act (the "ODMA") and therefore merged with her surface rights. In contrast, Defendant asserts

2

that certain events took place that prevent application of the ODMA.  Plaintiff does not dispute that these events took place, but rather she claims that they do nothing to alter her conclusion that the mineral rights were abandoned.  As such, the Court is presented with a pure issue of law to resolve this matter.

As general background, in 1957, Consolidation Coal Company acquired 143 acres of land in Carroll County, Ohio inclusive of mineral rights to the property.  In 1977, Consolidation entered into an Option to Lease with Republic Steel Corporation related to oil and gas rights on the lands acquired in 1957.  In 1979, Republic exercised its option and leased the oil and gas rights to this land.  In 1985, Consolidation conveyed the land to Conoco, reserving its oil and gas rights.  In 1988, Conoco conveyed its rights to DuPont Energy Coal Holdings.  On December 12, 1988, DuPont conveyed its interests to International Environmental Services, again noting the reservation of oil and gas rights.  On July 6, 1992, Kelt Resources, Inc. executed a Partial Release of Oil and Gas Lease.  In that document, Kelt released its rights to a portion of the oil and gas lease entered into by Consolidation and Republic.

On May 25, 1994, Plaintiff and her late husband acquired the surface rights to the 143-acre tract through a sheriff sale that was conducted based on the delinquent tax status of International Environmental Services.  On September 29, 2011, Consolidation conveyed the oil and gas rights to Defendant CNX.  On June 13, 2013, Plaintiff filed this action to quiet title, alleging that the mineral rights merged with the surface rights no later than January 3, 2005 because following the 1985 severance, twenty years passed without a title transaction.  With that background in mind, the Court reviews the parties' arguments.

3

**III. ANALYSIS**

The Ohio Dormant Mineral Act ("ODMA"), as codified in Ohio Revised Code ("O.R.C.") § 5301.56, establishes a process by which mineral interests may be deemed abandoned and to have vested to the owner of the surface rights. Specifically, O.R.C. § 5301.56(B) provides in pertinent part as follows:

> (B) Any mineral interest held by any person, other than the owner of the surface of the lands subject to the interest, shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied and none of the following applies:
>
> …
>
> (3) Within the twenty years immediately preceding the date on which notice is served or published under division (E) of this section, one or more of the following has occurred:
>
> (a) The mineral interest has been the subject of a title transaction that has been filed or recorded in the office of the county recorder of the county in which the lands are located.

While the parties agreed on the underlying facts, they sharply dispute the application of the above provisions of the ODMA.

Plaintiff argues that the memorandum of lease relied upon by Defendant is nothing more than a license and therefore cannot act in any manner to preserve rights under the ODMA. In support, Plaintiff relies heavily on *Back v. The Ohio Fuel Gas Co.*, 160 Ohio St. 81 (1953). Plaintiff contends that *Back* makes clear that the lease at issue is nothing more than a license. Plaintiff then asserts that because a license does not formally pass property, it cannot be found to be a title transaction. The Court finds no merit in this assertion.

O.R.C. § 5301.47(F) provides:

> (F) "Title transaction" means any transaction affecting title to any interest in land, including title by will or descent, title by tax deed, or by trustee's, assignee's,

4

>    guardian's, executor's, administrator's, or sheriff's deed, or decree of any court,
>    as well as warranty deed, quit claim deed, or mortgage.

As the above definition makes clear, title transaction means *any transaction* affecting title to *any interest* in land. It is difficult for the Court to conceive of a broader definition than the one chosen by Ohio law. By its plain language, the statute does not require a conveyance or transfer of real property in order to constitute a title transaction. Rather, the statute simply requires a transaction that affects title to any interest in the land.

Moreover, Plaintiff's reliance on *Wellington Resource Group LLC v. Beck Energy Corp.*, 2013 WL 5311412 (S.D.Ohio Sept. 20, 2013) also does little to assist Plaintiff's arguments. In *Wellington*, the district court concluded: "In essence, this Court reaffirms its prior conclusion in *Frederick*, where it stated that 'Ohio courts, if given the opportunity to do so, would characterize the property interests involved [here] as being like or similar to the interest recognized under Oklahoma law,' and common to many oil-producing states, and hold that oil and gas leases are not a grant of real property." *Id.* at *7. Plaintiff again incorrectly assumes that an actual transfer of real property is required under the ODMA when the plain language of the statute requires far less.

Even if this Court were to agree with the analysis in *Wellington* and ignore the contrary conclusion reached by a member of this District in *Binder v. Trinity OG Land Development and Exploration*, 2012 WL 1970239, at *3 (N.D. Ohio May 31, 2012), it would not aid Plaintiff's claim. Even if Defendant's property interests through the lease are something less than a grant of real property, those interests quite clearly still **affect** title to the mineral rights in the property. As the lease itself was a title transaction, there can be no dispute that the release of rights under that lease qualifies as a title transaction as well. Accordingly, Plaintiff's claims must fail as a matter of law.

In reaching this conclusion, the Court is mindful of Plaintiff's argument that Ohio's statute includes numerous specific items that qualify as title transactions and that oil and gas leases are not among those listed transactions.  However, the list is certainly not an exclusive list and an oil and gas lease falls within the same category of documents listed within the statute.  Moreover, contrary to Plaintiff's argument, including the oil and gas lease as a title transaction would not render any portion of the ODMA superfluous.  One savings event that includes "actual production or withdrawal of minerals" is not made superfluous by the Court's conclusion.  Herein, the original lease appears to have a term of fifty years.  Thus, there are factual scenarios that would allow the lease itself to operate as a savings event for twenty years, but thereafter only actual production or a new title transaction would operate as a savings event.  Accordingly, the Court's construction does not render any portion of the ODMA meaningless.

Finally, the Court rejects Plaintiff's assertion that she acquired the mineral rights through the sheriff sale of the surface rights.  The Court agrees with Defendant – the sale could not have included the mineral interests as they were not owned by the party delinquent in its taxes – International Environmental Services.  As the mineral interests were not owned by IES, they could not have been subject to any tax lien or any sheriff sale.  Accordingly, Plaintiff could not have acquired them through such a transaction.

**IV.    CONCLUSION**

Defendant's motion for judgment on the pleadings is GRANTED.  Defendant shall file a notice within seven days of this order stating whether it intends to pursue the remaining counterclaims in this matter.

IT IS SO ORDERED.


Date:   December 13, 2013               */s/ John R. Adams*
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT